People v Ceasar (2025 NY Slip Op 51051(U))

[*1]

People v Ceasar

2025 NY Slip Op 51051(U)

Decided on June 30, 2025

Supreme Court, Erie County

Calvo-Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2025
Supreme Court, Erie County

People of the State of New York

against
Antwan Ceasar

Ind. No. 72824-24/001

MICHAEL J. KEANE
Erie County District Attorney
FRANK A. STRANO, Esq.
Assistant District Attorney
Appearing for the People
ANDREW G. STEINHAUS, Esq.
Appearing for the Defendant

Betty Calvo-Torres, J.

The defendant moves to dismiss the indictment for discovery violations. The Court finds that dismissal is not warranted but imposes alternative sanctions. The Court makes its findings after considering the defendant's Affirmation in Support dated May 18, 2025, the People's response to Defense Motion to Dismiss dated June 2, 2025, and arguments heard June 4, 2025.
The defendant requests a dismissal of the indictment for the late disclosure of three discovery materials. The materials in question are: 1.) notes of Buffalo Police Department detective Natasha Anderson, 2.) an e-mail chain between detective Anderson and the Erie Crime Analysis Center, and 3.) a piece of paper in possession of police that had a photo on it showing a phone. In the photo, a screenshot of the phone shows a tip from an unknown person stating that the shooter inside the Golden Nugget was a female. The tip further states that a specific DJ had further information.
These materials were not turned over to the defense until after a jury trial commenced. The Court granted a mistrial when the People informed the defense and the Court of the existence of these materials. The People indicated that they had become aware of these materials the previous day. The mistrial was granted so that the parties could investigate the information contained in these materials, and could attempt to contact potential new witnesses. The mistrial was also granted to allow the parties the opportunity to submit arguments regarding remedies for the late disclosure.
Subsequent to the granting of the mistrial, both parties advised the Court that they were unsuccessful in attempts to contact potential witnesses referenced in the late disclosure materials.
The defendant argues that he has been prejudiced by the late disclosure. He states that he has been deprived of his opportunity to potentially produce exculpatory evidence at trial because the new witnesses cannot presently be located. He argues that he is being deprived of his right to a fair trial, and that dismissal is the only proper remedy. The Court disagrees.
The Court finds that the People have exercised due diligence in their attempts to obtain [*2]all discovery materials, and to provide these materials to the defense. During arguments on June 4, 2025, the Court questioned the prosecutor about the steps taken by the People to obtain all discovery materials. Through this inquiry, and by the People's written response dated June 2, 2025, the prosecution established that it requested in writing that police produce all discovery materials. The People have also established that additional requests for discovery materials were made while meeting with officers in the months before trial. The fact that additional written requests for discovery materials were made to the CPS Laboratory, 911 and dispatch was also established by the People. The Court further finds that the People's due diligence extended to providing discovery materials to the defense in a timely manner. The People have shown that discovery materials were provided to the defense by electronic sharing, and by providing physical copies of documents when it was determined that some documents were mistakenly not shared electronically.
The Court finds that the People have filed timely Certificates of Compliance (COC). The Court further finds that an initial COC and all subsequent Supplemental COCs were filed in good faith. The late disclosure of the three items listed above was not caused by lack of due diligence by the office of the District Attorney, but rather the failure of police in locating and providing these items to the prosecutor. The People rightfully brought these mistakes to the attention of the defense and the Court as soon as they were found.
Despite the exercise of due diligence and the good faith filing of COCs by the People, the Court finds that the defendant was prejudiced by the late discovery disclosure. Had the materials relating to additional witnesses been turned over in a timely fashion, the defense would have had a better opportunity to locate at least one witness who had exculpatory information that the shooter was a female. It is unknown whether the other potential witnesses referred to in the materials might have been beneficial to the defense. It is certain, however, that the passage of nine months from the time of the incident until the late disclosure has diminished the likelihood of finding them.
The Court of Appeals has stated " if the court deems a COC proper (including in a case where there was late disclosure but the court concludes the People exercised due diligence), CPL 245.80 sets forth the available remedies for the belated disclosure." People v Bay, 41 NY2d 200 [at 214]. In the instant case, the defendant contends that the proper remedy for the late disclosure is dismissal of the indictment. However, dismissal is a remedy of last resort. "The statute instructs that, where CPL 245.80 controls, the remedy must be 'appropriate and proportionate to the prejudice suffered by the party entitled to disclosure' (CPL 245.80[1]; see also CPL 245.80[2] [court may order dismissal only 'after considering all other remedies' and concluding dismissal is appropriate and proportionate to the prejudice suffered by the party entitled to the disclosure 
...", Bay, [at 214- 215].
The Court finds that dismissal is not appropriate and proportionate to the prejudice suffered by the defendant. Rather, the proper remedy for the late disclosure is the granting of missing witness and adverse inference charges at the new trial with respect to any potential witnesses referenced in the belated discovery materials who are not located before the commencement of the new trial. 
This constitutes the DECISION of the Court.
Dated: June 30, 2025
Buffalo, NY
HON. BETTY CALVO-TORRES, A.S.C.J.